IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:20-cr-00523-S |
| | § | |
| JAMES MACKEY | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On March 7, 2024, the Court held a hearing pursuant to 18 U.S.C. § 4247(d) to determine the defendant's mental competency. Defendant James Mackey appeared at the hearing, represented by counsel, and the government's attorney appeared as well. The Court afforded Defendant the opportunity to testify, to present evidence, and to subpoena witnesses. Neither side called any witnesses, and Defendant declined to testify or present other evidence. The Court received a sealed copy of the December 4, 2023 report by Matthew Opesso, Psy. D., M.Ed, a licensed forensic psychologist, concerning Defendant's competency. In Dr. Opesso's opinion, Defendant is competent to stand trial. There is no controverting evidence in the record to suggest that Defendant is not competent. Therefore, the Court should find, by a preponderance of the evidence, that Defendant is competent. He is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See United States v. Porter*, 907 F.3d 374, 380 (5th Cir. 2018). He has

sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and he has a rational as well as factual understanding of the proceedings against him. *See Dusky v. United States*, 362 U.S. 402 (1960).

SO RECOMMENDED.

March 7, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).